GERTRUDE ADAMS, appellant,

*v.*

THE VILLAGE OF SOUTH ORANGE, respondent.

[Submitted July 8th, 1912. Decided November 18th, 1912.]

On appeal from a decree of the former chancellor advised by Vice-Chancellor Emery.

*Mr. Andrew S. Taylor* and *Mr. Charles E. Souther* (of the New York bar), for the appellant.

*Mr. Jay Ten Eyck,* for the respondent.

PER CURIAM.

The bill in this case was one to quiet title. The suit arose in this wise: The board of assessments of the village of South Orange levied certain assessments for benefits against the lands of the complainant for the laying out and opening of West End road in that village, and the municipality, claiming the assessment to be a valid and subsisting lien against the premises because of the unpaid assessments, advertised the same for sale. The complainant then filed her bill praying *inter alia* that it be decreed that the defendant had no encumbrance on her land or any part thereof and that its claim thereto is vexatious and void, and for an injunction against the sale of the premises for non-payment of the assessment.

The complainant alleges that the mode of assessment is not in conformity with constitutional requirements, and that, therefore, the assessments were void from their inception. The assessments appear to have been regularly made under section 20 of the village charter, which provides as follows:

"That it shall be the duty of the board of assessments to assess, as fairly, honestly and impartially as may be, damages, in favor of the owner or owners of any lands and real estate that shall be taken for, or damaged by, any general or local improvement hereinafter mentioned; and to assess the said damages or the expenses of any such improvement, as the case may be, fairly, honestly and impartially upon the owner or owners of any lands or real estate on or within five hundred feet of the line of the whole of the streets so improved, which in the opinion of said commissioners, or any three of them, will be peculiarly benefited thereby, and in such proportions as they may consider said lands and real estate to be so benefited, and to the extent of such benefit, and to assess any excess of such damages, or expense, as the case may be, upon the village at large."

At the conclusion of the case the learned vice-chancellor delivered the following oral opinion:

"The only question is whether the fact that beyond the amount levied on property specially benefited within five hundred feet the assessment is laid on the township or village at large, and that the special benefits which may accrue to lands outside of the five hundred feet are not specially assessed against them, is any ground for holding the law or rule of assessment unconstitu-

tional as to the lots within the five hundred feet. That involves the question whether a legislative limitation of the area of the assessment of the expense of an improvement, which provides that the special assessment for benefits shall only include a portion of the lands which are or may be benefited, makes the assessment invalid. The contrary view must, of course, be based on the contention that the legislature has no option in reference to declaring that all the lands specially benefited, whether within a limited space or not, must be assessed in order to make a valid assessment. That question has been up twice, as I understand it, before the law courts. First, in the case of *State, Society for Useful Manufactures, prosecutors,* v. *Paterson (1880), 42 N. J. Law (13 Vr.) 615.* The court of errors and appeals held in that case that the area of an assessment might be restricted; and in the case of *State, Hudson County,* v. *Road Commissioners, 41 N. J. Law (12 Vr.) · 83, 88,* the supreme court, in a learned opinion by Mr. Justice Depue, held that the legislature has the power to limit the area of the assessment, and that no person within that area could object, provided he was not assessed more than he was specially benefited. That opinion was affirmed in the court of errors and appeals in *42 N. J. Law (13 Vr.) 608.* So that as the decisions of the supreme court and court of errors and appeals now stand on this question—that lies at the basis of this case—I do not see that there is any such claim of unconstitutionality as would allow a court of equity, on a bill to quiet title, to say that the holding of that assessment as an outstanding lien is such a patently fraudulent claim of title that a court of equity will wipe it out. That is the ground on which the original jurisdiction of the court is put in *Bogert* v. *City of Elizabeth, 27 N. J. Eq. (12 C. E. Gr.) 568,* where the principle of assessment had been so decidedly wrong that it was an absolute unfounded assertion of title for a municipality to claim rights under it. In that case the entire expense was laid on the lands benefited without limitation to the amount they were benefited, and under our decisions it was clearly unconstitutional. And the court said: 'If the city asserts title under a void assessment, either by proceeding to sell, as is done in this case, or by selling and then holding the title, a court of equity will decree that the

35

claim is so absolutely unfounded that the title should be quieted.' But in view of those decisions I have referred to, one of which was cited in defendant's brief, I cannot say that the village of South Orange is so clearly asserting an unfounded claim under these assessments that they should be set aside.

"I have considered the further question raised as to the unconstitutionality of the twentieth section of the defendant's charter, by reason of the direction for assessment of benefits upon the owner or owners of lands benefited, instead of directing the assessment upon the lands themselves. No injunction against the proceedings to collect the assessment or sale of the lands should be granted on this objection.

"The assessment is not by the act made a personal debt of the owner, and the whole scope of the act shows that the assessment is made upon the lands and not on the owner. See especially sections 36, 45 and 46, referring to the 'lands' upon which assessments have been made or are liens.

"The language used in reference to the owner of lands is similar to that generally used in tax and assessment acts, and the name of the owner of the lands taxed or assessed is given as part of the designation of the lands assessed. In many of such acts it is provided that a mistake in the name of the owner shall not invalidate the tax or assessment. Section 45 of the village charter contains such provision."

The decree under review will be affirmed, with costs, for the reasons set forth in Vice-Chancellor Emery's opinion.

*For affirmance*—THE CHANCELLOR, CHIEF-JUSTICE, GARRISON, SWAYZE, TRENCHARD, BERGEN, VOORHEES, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TREACY —14.

*For reversal*—None.